## WIGGINS *v.* HILL.

### Opinion delivered July 12, 1920.

WILLS—DEFEASIBLE ESTATE.—Under a will whereby the testatrix devised to her sister S. all her interest in a certain tract of land, "and at her death and at the death of her mother, if there be no issue, I give and bequeath unto my friend W. all of my interest in and to said lands," *held* that S. took a defeasible estate in fee simple, subject to be divested or defeated by the failure of issue, and where there was issue the estate became indefeasible.

Appeal from Howard Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*W. T. Kidd*, for appellants.

1. The purpose of the construction of a will is to ascertain the intention of the testator from its language and when such intention is ascertained it must prevail, if not contrary to some rule of law. 104 Ark. 445; 113 *Id.* 497.

Under the will of Helen O. Lane, her sister, S. A. B. Wiggins (nee Lane), received a life estate only, and her children the remainder. 104 U. S. 291; 146 Fed. 921; 34 Col. 125; 67 Conn. 390; 221 Ill. 286; 151 Ind. 533; 161 Mich. 545; 65 Minn. 124; 40 Am. Dec. 552; 75 Ark. 19. There was issue to the sister, S. A. B. Wiggins; at her death they became owners of an undivided interest in fee simple. 12 Gray 49; 102 Mass. 262; 1 Washb. on Real Prop. (6 ed.), § 192; Tiedeman on Real Prop. (3 ed.), §§ 36-41.

2. The word "issue" means the same as heirs of the body. 26 Atl. 770; 63 Pa. 481; 197 Pac. 452; 51 Am. Rep. 197. Appellees are pleading limitation and laches,

but the right of entry and of action does not accrue to the remainderman or reversioner until the death of the owner of the particular estate. 35 Ark. 84; 53 *Id.* 400; 58 *Id.* 510; 60 *Id.* 70; 65 *Id.* 90; 69 *Id.* 539; 97 *Id.* 33; 115 *Id.* 359; 116 *Id.* 233; 117 *Id.* 366; 126 *Id.* 1; 128 *Id.* 342.

3. The judgment of the probate court is not subject to collateral attack. 64 Ark. 1; 71 *Id.* 448; 70 *Id.* 88. The confirmation decree in favor of W. E. Lane does not bar a recovery, as it is conclusively shown that he knew appellants were claiming an interest in this land and were not summoned. Kirby's Digest, § 650. Lula Haynes was a married woman, under disability, and the decree quieting title in W. E. Lane was void as to her. Kirby's Digest, § 657.

*W. C. Rodgers,* for appellees.

Barring the statements of conclusions in plaintiffs' pleadings, their own statement of the case supports the decree below and our contentions. Kirby's Digest, § 734; 1 Underhill on Wills, § 482. The word "heir" is one of limitation. 211 S. W. 183-4. The law favors the early resting of an estate. 90 Ark. 152-155; 58 *Id.* 303-309; 213 S. W. 372; 218 *Id.* 194. The devise for life must be clear and explicit, and the intention to give only a life estate only must be undisputed. 3 Ark. 147, 188; 72 *Id.* 296, 298-9. See, also, 3 Ark. 147-188. The rule of construing wills has been applied to deeds by statute. Kirby's Digest, § 733.

In trying chancery cases *de novo,* courts only regard such evidence as is competent and relevant. 76 Ark. 153-6; 78 *Id.* 111, 116; 92 *Id.* 315-321; 99 *Id.* 225; 127 *Id.* 186, 202. All the evidence about the alleged notice to W. E. Lane was clearly incompetent, not being in the presence of any of the defendants. Appellants do not pretend to have paid the taxes on the land for any year whatever, nor do they come within any of the other exceptions named in our statutes. Kirby's Digest, §§ 656-7. The disabilities of married women were removed in 1915. Act No. 159, Acts 1915. Plaintiffs were barred

by limitation as well as by laches. 85 Ark. 85, 96; 120 *Id.* 249-251. The statute sides against a remainderman, as the rule has ceased. 91 Ark. 407-418; 109 *Id.* 466-7; 101 *Id.* 331-5; 126 *Id.* 389-399; 20 *Id.* 359-375; 61 *Id.* 575, 589. See, also, 46 Ark. 25, 34; 58 *Id.* 84, 90. The record of the will was not notice to appellees. 58 Ark. 84, 91. If the will was legally executed and entitled to record, it was notice of everything it contained. Possession of real property is notice of all the title and claim under which the possessor holds. 16 Ark. 340; 34 *Id.* 391; 33 *Id.* 465; 68 *Id.* 150; 55 *Id.* 320; 82 *Id.* 455; 66 *Id.* 167; 106 *Id.* 332. The parents of appellants recognized the will as vesting in S. A. B. Lane an absolute title to the land. They had lived in the locality all their lives, and had been *sui juris* for ten years or more, and yet neither ever notified the possessors of the land that they claimed an estate in remainder or other adverse interest whatever. 50 Ark. 142, 152. The deed expressed a consideration showing *full value* of the whole title and not a mere life estate. The Reeders acquired their deed and entered into possession in January, 1916, long after the act of 1915, removing disabilities of married women was passed. The other claimant is not married and has been of age for ten years, and appellants are barred. 7 Dana (Ky.), 230; 37 Miss. 164; 140 N. Y. 541; 56 S. W. 99; 54 *Id.* 669; 103 Ga. 733. They are certainly barred by laches. 54 Ark. 85; 16 *Id.* 154, 164; 47 *Id.* 301; 115 *Id.* 1-8; 5 S. W. 329. As the statute began to run before coverture, it continued after coverture. 5 S. W. 329. Appellees and their grantors have had adverse possession for forty years. 50 Ark. 141, 154. The transcript was not filed in this court within ninety days as required by law.

Humphreys, J. Appellants, children and sole heirs of S. A. B. Wiggins (nee Lane) and W. L. Wiggins, instituted suit against appellees in the Howard Chancery Court to obtain a construction of the last will and testament of Helen O. Lane, and to recover, as devisees therein, a one-half interest in the west one-half, south-

west quarter, section 12, township 9 south, range 27 west, in said county, with an accounting of rents.

Appellees filed an answer, denying that appellants owned any interest in the lands as devisees in the will, and claiming title thereto through mesne conveyances from the father and mother of appellants. They also pleaded the statute of limitations and laches as additional defenses.

The cause was submitted to the court upon the pleadings, evidence adduced by the respective parties, a copy of the will and proceedings probating same and the deeds constituting the chain of title of appellees, upon which the court found that appellants had no title to the lands as devisees in the will and decreed a dismissal of appellants' bill. From the decree of dismissal, an appeal has been duly prosecuted to this court.

The facts, in so far as we deem it necessary to set them out, are that Helen O. Lane and S. A. B. Wiggins (nee Lane) sisters, acquired the land in question by joint purchase on September 25, 1876. Four years later, Helen made her last will and testament, containing the following paragraph:

"I give unto my sister S. A. B. Lane all my interest in the tract of land belonging to me and sister S. A. B. Lane, and at her death and at the death of my mother, if there be no issue, I give and bequeath unto my friend W. L. Wiggins all my interest in and to said lands."

After the death of her sister, S. A. B. Lane intermarried with W. L. Wiggins, to whom the land in controversy was bequeathed upon the contingency of the death of the testatrix's mother and that no issue was born to the devisee, S. A. B. Wiggins (nee Lane). Appellants were born to the union and are the only surviving heirs. Lula Haynes (nee Wiggins) was about 37 years old and Walter Wiggins 30 years old when this suit was instituted. On the 18th day of October, 1883, W. L. and S. A. B. Wiggins, father and mother of appellants, conveyed said lands by warranty deed to the Hutchinsons, in which the following recital appears immediately after the description of the property: "It being the same

land devised and bequeathed to the said S. A. B. Wiggins (born Lane) by her sister, Helen O. Lane, by will." Immediately upon the execution and delivery of the deed aforesaid, the Hutchinsons went into possession of the lands. They and their grantees, down to and including appellees, have remained in possession of the lands, and, from time to time, made valuable improvements thereon. During the entire time appellants resided in the vicinity of the lands. Lula Haynes (nee Wiggins) married when she was nineteen years of age and was a married woman at the time she joined with her brother in the institution of this suit. The testatrix died on September 29, 1880, her mother on the 9th day of November, 1882, W. L. Wiggins, the contingent legatee in the will, on October 31, 1913, and her sister, S. A. B. Wiggins (nee Lane), the devisee in the will, on the 15th day of January, 1918.

Appellants contend that the effect of the will was to devise to S. A. B. Wiggins (nee Lane) a life estate with remainder, or the fee simple title, to appellants, who are the heirs of her body, upon the theory that the words "issue" and "heirs of the body" are equivalent. Conceding that the words are equivalent, still there are no words in the will indicating that a limitation over to the heirs of the body of S. A. B. Wiggins (nee Lane) was intended by the testatrix. No reference was made in the will to either a life or remainder estate. The language used in the will does not restrict the use of the property by the devisee S. A. B. Wiggins (nee Lane) nor limit a remainder to her issue or the heirs of her body. The absence of such a restriction or limitation was indicative of an intention by the testatrix to devise a fee-simple estate to appellants' mother. It is manifest, however, that it was a defeasible estate in fee simple, subject to be divested or defeated by the failure of issue. This contingency never happened, as appellants themselves are the bodily heirs of S. A. B. Wiggins (nee Lane), the devisee in the will. This interpretation is in accord with the acts and conduct of appellants' ancestors, the devisees

in the will. Only three years after the death of the testatrix, the devisees joined in a warranty deed conveying the entire estate to grantors in the chain of appellees' title.

No error appearing, the decree is affirmed.