FARMERS' & MERCHANTS' BANK *v*. HAMMOND.

Opinion delivered February 21, 1927.

1.  WILLS—ESTATE IN FEE.—Where a will expressed a desire to divide the real estate of the testatrix equally between her son and her granddaughter and provided that the latter should take the land devised to her "to her sole and separate use, benefit and enjoyment, free from all debts, contracts and liabilities of any husband that she may have," *held* that the granddaughter took a fee simple.

2.  WILLS—CONSTRUCTION—VESTING OF ESTATES.—In construing wills, courts favor the early vesting of estates and carrying out the

intention of testators, if not at variance with recognized rules of law.

3. WILLS—DEFEASIBLE FEE SIMPLE.—Where a will devised a fee simple to the granddaughter of the testatrix, but provided that, if she should die leaving no child surviving, the property should go to certain remaindermen, *held.* that the granddaughter took a defeasible fee simple.*

4. ESTOPPEL—BY DEED.—Where a will devised land in fee to a granddaughter, but provided that, if she should die, leaving no child surviving, the land should go to certain remaindermen, the latter, by executing deeds to the granddaughter, are estopped from defeating the title upon the remote contingency of the death of such granddaughter leaving no children, where improvements were made upon the faith of such deeds.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*E. L. Westbrooke, Jr., E. L. Westbrooke, Mann &* *McCulloch,* for appellant.

*Daggett & Daggett,* for appellee.

HUMPHREYS, J.   This is a suit by appellants, owners of separate notes evidencing the balance of the purchase money for the Battle Ax Plantation in Lee County, Arkansas, to foreclose a mortgage lien given to secure said notes by B. F. Hammond, Sr., C. T. Chandler and R. D. Jarrett to C. E. Daggett, trustee for Logan, Ward & Company, a Kentucky corporation, which had conveyed the plantation to Hammond, Chandler and Jarrett in September, 1919.

Appellees, C. T. Chandler and R. D. Jarrett, filed an answer and cross-complaint, alleging that Logan, Ward & Company had only a life estate in said plantation, it holding through mesne conveyances dating back to June 19, 1878, on which date Grizelle T. McKinney, by will, a copy of which they filed, gave to her granddaughter, Courtney McKinney Mitchell (now DeSaussure) a life estate in the plantation, with remainder over to others; that the covenant of warranty in the deed from Logan, Ward & Company to Hammond, Chandler and Jarrett had been broken, resulting in

*Compare *Combs* v. *Combs,* post,* p. 1073 (Reporter).

damage to them in the sum they had paid on the purchase price.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a finding that Courtney McKinney Mitchell (now DeSaussure) acquired a life interest only under the will of her grandmother, Grizelle T. McKinney, and that, by reason of this fact, there had been a failure or breach of the covenant of warranty in the deed of Logan, Ward & Company to appellees, Hammond, Chandler and Jarrett, and that Chandler and Jarrett, the cross-complainants, were entitled to a judgment against J. W. Ward, a stockholder in the corporation of Logan, Ward & Company, for a breach of covenant of warranty by said corporation; that appellants, J. T. Robertson and P. B. Benham, who were intervening plaintiffs below, had not purchased their notes in due course for value without knowledge of the defense interposed by Chandler and Jarrett; that all of the appellants, except the interveners, were entitled to a decree against the life estate of Hammond, Chandler and Jarrett in the plantation for the amount of their respective purchase money notes. A decree was rendered in accordance with the findings of the trial court, from which all the parties have prosecuted an appeal to this court.

We have confined ourselves to a very brief as well as general statement of the case, because learned counsel for appellees have agreed, in order to simplify the issues, that, if said appellees acquired, through mesne conveyances dating back to and including the will of Grizelle T. McKinney, a fee simple title to the plantation, then the decree of the chancery court is erroneous, and appellants are entitled to a judgment for the full amount claimed and to a decree foreclosing the entire estate in the plantation to pay same. The sole question presented therefore for determination on this appeal is whether, under Mrs. McKinney's will, Mrs. DeSaussure acquired a life estate or a fee simple title to the plantation. Omitting formal parts, and provisions for the burial of her

body and the payment of her debts, and some special bequests, the will is as follows:

"4.  It is my will and desire that all the rest and residue of my estate, both real and personal, shall be equally divided between my beloved son, Alexander Finley McKinney, and my little granddaughter, Courtney McKinney Mitchell, daughter of W. Z. Mitchell, of Memphis, Tennessee, to be held and enjoyed by them as hereafter provided, and to this end I hereby devise to my said son, Alexander Finley McKinney, the homestead and plantation near Germantown, Shelby County, Tennessee, upon which he and I reside, containing about 1,480 acres of land, together with all the improvements and appurtenances thereto belonging, to have and to hold the same to him and his heirs in fee simple.

"In order to avoid the trouble and expense of partitions between devisees, as far as practicable, I value the tract of land at the sum of $22,000, and charge my son with that amount for it in the division.

"5.  For the purpose mentioned in the last item I further give and devise to my said granddaughter, Courtney McKinney Mitchell, my plantation in Lee County, Arkansas, known as the McKinney Place, cultivated this year by Messrs. Wormley and Goodman, containing about 1,720 acres of land, together with improvements and appurtenances thereto belonging. This plantation I value at the sum of $17,000, and with this amount I charge my said granddaughter for it in the division.  This and all other real estate devised under this will to the said Courtney McKinney Mitchell to be taken and held by her upon the conditions and limitations following, viz: To her sole and separate use, benefit and enjoyment, free from all debts, contracts and liabilities of any husband that she may have, and in the event that she shall die leaving no child or children surviving her before the death of my said son, Alexander Finley McKinley, then all of said property and estate shall go to and become the absolute property and estate of my said son, and in the event she shall die without child or

children surviving her after the death of my said son, then all of said property shall become the property of Alexander McKinney Rafter, J. M. Carter and C. M. Carter, to whom in that contingency, or to such of them as may be then living, I devise said property.

"6. I hereby constitute and appoint my beloved son, Alexander Finley McKinney, the testamentary guardian of the property and estate bequeathed and devised under the will to my said granddaughter, Courtney McKinney Mitchell, to be held and cultivated by him as such guardian during the minority of said granddaughter for her support, maintenance and education, etc.

"7. My Memphis real estate and such other as I may die seized and possessed of shall be equally divided between my said son and granddaughter by commissioners appointed by the court having jurisdiction of the person and subject-matter, but in the partition of such real estate my said son shall be charged with the sum of $5,000, the excess of the value that I placed upon the Shelby County plantation over the value of the Arkansas plantation, as heretofore provided. If, by reason of the depreciation in value of property or by any other contingency, the property to be then partitioned shall not be sufficient value to equalize the shares of my two devisees, then in that event the said Alexander Finley McKinney shall be debtor to my said granddaughter in the amount of any such deficit, and the property herein devised to him is charged with said deficit and the same shall be a lien thereon."

The testatrix, Grizelle T. McKinney, died December 30, 1888. Alexander Finley McKinney and Courtney McKinney Mitchell (now DeSaussure), the devisees in the will, acquired deeds to all interest under the aforesaid will of Alexander Finley Rafter, J. M. Carter and C. M. Carter to said plantation in 1894, and on March 14, 1900, conveyed it by warranty deed to William L. Bailey, under whom, through mesne conveyances, it was acquired by Hammond, Chandler and Jarrett, who have since remained in the undisturbed possession thereof. Alex-

ander Finley McKinney died September 17, 1918, without issue. Courtney McKinney Mitchell (now DeSaussure) is the only living heir of her grandmother, the testatrix. She is living with her husband, Louis M. DeSaussure, at Collierville, Shelby County, Tennessee. She was born August 3, 1871, was fifty-one years of age when the suit was brought, and has four children, whose names and ages are as follows: Louis M. DeSaussure, Jr., 29 years; Margaret DeSaussure, 27 years; Charles Albert DeSaussure, 24 years, and Ellen Chessnutt DeSaussure, 18 years.

Appellants' contention is that Courtney McKinney Mitchell (now DeSaussure) took a qualified fee in the plantation under the will of her grandmother; that, having survived her uncle and testamentary guardian, the first condition imposed in the fifth paragraph of the will was eliminated, and, on the birth of her first child, the second condition therein expressed was eliminated, and her title to the plantation became a title in fee simple, thereby defeating the remaindermen who were to take under said paragraph.

Appellees' contention is that, under the common law, the language used in the will created an estate tail by construction, and this, by operation of § 1499 of Crawford & Moses' Digest, vested the life estate only to the plantation in Courtney McKinney Mitchell (now DeSaussure), with the remainder to her children.

It will be observed that the first and last declarations of the testatrix relative to a division of her estate, both real and personal, between her son and only granddaughter, are that they shall share it equally. In the first part of paragraph 4 she said: "It is my will and desire that all the rest and residue of my estate, both real and personal, shall be equally divided between by beloved son, Alexander Finley McKinney, and my little granddaughter, Courtney McKinney Mitchell * * *." In the first part of paragraph 7 she said: "My Memphis real estate and such other as I may die seized and possessed of shall be equally divided between my said son

and granddaughter * * *.'' In order to prevent trouble and expense of partitioning her estate equally, she valued the 1,480-acre plantation in Tennessee, which she devised to her son in fee simple, at $22,000, and the one in Arkansas she devised to her granddaughter at the sum of $17,000. In paragraph 7 of the will she reiterated the inequality in value between the plantations she had already devised to her son and granddaughter, and in the division of the Memphis real estate and such other as she might own when she died, her son's share therein was specifically charged with the sum of $5,000, the excess of the value that she had placed upon the Shelby County plantation over the value of the Arkansas plantation. In a last effort to effect an equal division of her entire estate between her son and granddaughter she said, in the latter part of paragraph 7: ''If, by reason in the depreciation in value of property or by any other contingency, the property to be then partitioned shall not be sufficient value to equalize the shares of my two devisees, then in that event the said Alexander Finley McKinney shall be debtor to my said granddaughter in the amount of any such deficit, and the property herein devised to him is charged with said deficit, and the same shall be a lien thereon.'' In valuing the plantations she placed a value upon the lands themselves according to her idea of what each was worth, and charged each devisee for the amount fixed for the land which each received in the division. It is evident she did not value a fee simple title in one plantation and a life estate in another. It would have been next to impossible to have equalized a division of the estate on the basis of a fee simple title in one plantation and a life estate only in another. It would seem that a declared intention of a testator, in both the opening and closing paragraphs of his will, to divide his estate equally between the beneficiaries, when connected with an effort to accomplish that purpose by fixing the values of the properties devised to each and charging each with the value of the property devised to him, should not be thwarted by intervening language of doubtful meaning.

By reference to the intervening language it will be observed there are no words in the will indicating that a limitation over to the heirs of the body of Courtney McKinney Mitchell (now DeSaussure) was intended by the testatrix. No reference was made in the will either to a life estate or to a remainder estate. The language does not restrict the use of the property by the devisee nor limit a remainder to her issue or the heirs of her body. On the contrary, we find language to the effect that it was devised to her for "her sole and separate use, benefit and enjoyment, free from all debts, contracts and liabilities of any husband she may have." The absence of such restrictions and limitations and the use of the language just quoted indicate that the testatrix intended to devise a fee simple estate in the plantation in question to her granddaughter. In construing wills, courts favor the early vesting of estates, and in carrying out the intention of testators, if not at variance with recognized rules of law. A majority of the court has concluded that the instant case is ruled by *Wiggins* v. *Hill*, 145 Ark. 152, 223 S. W. 394. It was decided in that case that the devisee took a defeasible fee simple title to the property devised. By so holding in the instant case, effect and meaning will be given to every clause of the will. We cannot concur with learned counsel for appellees that this construction of the will will necessarily affirm the case because of the remote possibility that all of Mrs. DeSaussure's children may predecease her.

The first contingency upon which her defeasible fee simple title might be defeated was eliminated upon the death of her uncle, Alexander Finley McKinney. The other contingent remaindermen executed deeds for all their interest in said plantation to Alexander Finley McKinney and Courtney McKinney Mitchell (now DeSaussure) in 1894, and they in turn conveyed the land to William L. Bailey in fee simple, through whom Hammond, Chandler and Jarrett acquired title through mesne conveyances purporting to convey the fee simple title. The taxes have been paid and improvements made on the

faith of deeds executed by these contingent remainder-men, and certainly they have estopped themselves from defeating the title upon the remote contingency of Mrs. DeSaussure surviving all of her children.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to enter judgments in favor of appellants for their respective claims and to decree a foreclosure and sale of said plantation to satisfy the judgments.

Chief Justice HART and Judge WOOD dissent.