SHIELDS *v.* SHIELDS.

Opinion delivered March 11, 1929.

*Sidney S. Taylor,* for appellant.

*Martin, Wooton & Martin,* for appellee.

HUMPHREYS, J. This case is here on appeal from the chancery court of Garland County, and the sole question involved is whether appellee took a fee simple or a life estate in lot 13, block 77, in the city of Hot Springs, Arkansas, under the fourth clause of the last will and testament of her deceased father, John J. Horner. The fourth clause of the will is as follows:

"I give, devise and bequeath to my beloved daughter, Louise Elizabeth Horner, for her use during her natural life, and the remainder after her death to her heirs at law, lot No. 13 of block No. 77 of the city of Hot Springs, Arkansas, with all the improvements and appurtenances thereto belonging."

The language employed in the devise has a technical meaning in the law, hence the clause must be interpreted in accordance with the technical meaning of the language used. The legal technical meaning of the language used is a limitation of the estate to the heirs in general of the devisee, according to the Rule in Shelley's Case, which rule is in full force and effect in Arkansas, and vested a fee simple title to said real estate in appellee, the first taker. In the case of *Wilmans v. Robinson,* 67 Ark. 517, 55 S. W. 950, this court said:

"The Rule in Shelley's Case is a rule of construction and not of law, simply providing that, where an estate of freehold is limited to a person, and the same instrument contains a limitation, either mediate or immediate, to his heirs or the heirs of his body, the word 'heirs' is a word of limitation; that is, the ancestor takes the whole estate comprised in the term. If the limitation be to the heirs of his body, he takes a fee tail. If to his heirs generally, he takes a fee simple."

It was also said by this court, in the case of *Eversmeyer v. McCollum,* 171 Ark. 117, 283 S. W. 379, that

"the Rule in Shelley's Case is applicable only when the language used in the conveyance creates a limitation to the heirs of the grantee in general."

The instant case is governed by the rule as declared in *Hardage* v. *Stroope*, 58 Ark. 303, 24 S. W. 490, and *Ryan* v. *Ryan*, 138 Ark. 362, 211 S. W. 183.

No error appearing, the decree is affirmed.

Chief Justice HART and Justices SMITH and MEHAFFY dissent.