FIRST NATIONAL BANK OF FT. SMITH v. MARRE.

Opinion delivered April 27, 1931.

*Daily & Woods,* for appellant.

*Warner & Warner,* for appellee.

BUTLER, J. This litigation involves the construction of the will of Antonio Marre which was properly executed and duly probated upon the death of the testator. After making certain specific bequests, the fifth paragraph of the will is as follows:

"5. I give, devise and bequeath all the residue of my estate, real, personal and mixed, of which I may die seized or possessed, or to which I may at the time of my death be entitled, to my son, Louis Marre, and my daugh-

ters, Rosa Marre Fleming and Cecile Marre, in equal parts. I fully realize that all of the bequests and gifts above made are subject to the dower interest of my wife, Marie Marre, which dower rights will fully provide for her.''

The sixth paragraph of the will contained the direction that the bequests provided for in paragraph No. 5 should be paid to the beneficiaries in ten equal installments, and that the real estate should not be sold until twenty years after the death of the testator. Provision was made for the management of the property by the executor during these times with authority to invest the property, and for payment of the net interest arising from the investments each twelve months and for the rents accruing from the real estate, payable every three months in equal shares to the beneficiaries.

The seventh paragraph provided that, should the specific bequests made for any reason fail, they were to become a part of the residuary estate and be disposed of as provided in paragraph No. 6 of the will.

By the eighth paragraph the appellant was nominated as executor with power of sale of the personal property for the purpose of payment of debts, reinvestment and distribution. The power with reference to the real estate is given in the following language: ''And this same authority is given my said executor to sell, lease or otherwise dispose of the real estate belonging to my estate, at the time designated for the sale of the real estate, in paragraph six of this, my will, and when said real estate is sold the proceeds shall be distributed at once as provided in said paragraph six of my will.''

The ninth and last paragraph is as follows: ''Ninth: After my said estate has been duly administered, as required by law, I hereby direct that my said executor, the First National Bank of Fort Smith, Arkansas, retain control of the residue of my said estate, both real and personal, as trustee, and administer the same in the manner, time and form hereinbefore set out in this, my will.''

It is the contention of the appellant that this will created a valid trust in it. From an adverse decree of the trial court, it has appealed, and that question is the only one presented here for our decision. The appellant invokes the well-settled rule that, in construing the provisions of a will, the intention of the maker is first to be ascertained, and, when not at variance with recognized rules of law, must govern. The intention of the testator must be gathered from all parts of the will, and such construction be given as best comports with the purposes and objects of the testator and as will least conflict. *Parker v. Wilson*, 98 Ark. 553, 136 S. W. 981.

The appellant contends that the trust sought to be created was an active trust, and, although there was not an express grant of the estate to the trustee by which the legal title would vest in it, such title would be implied. With this contention we agree. Appellant's counsel cite as authority for their contention Perry on Trusts (4th Ed.), par. 313 *et seq.* The doctrine of the text we recognize, but it is only in those cases where a valid active trust is created that the title impliedly vests in the trustee to enable him to carry out the purposes of the trust. As suggested by the appellant, it is the duty of the court to ascertain and effectuate the intention of the testator, but this rule is subject to an important qualification, namely, that the intention must not be at variance with recognized rules of law; and, when it is so found, the attempt by the testator to carry this intention into effect will prove abortive. The effect of the fifth paragraph of the will was to make an absolute gift of the personal property of the testator to the beneficiaries and a devise to them of the real estate in fee simple. By subsequent paragraphs, an attempt was made to limit the use and to defer the acquisition of the property theretofore given outright and to create a trust to effectuate these limitations. This was repugnant to the absolute disposition of the property before made and in violation of the well-settled rule that, where an absolute gift or devise is made, a subsequent attempt in the will to limit the possession,

enjoyment or disposition of the property is void. Immediately upon the death of the testator the property vested absolutely in the beneficiaries, and as a necessary incident to the ownership, they became entitled to the immediate possession and enjoyment of the property with the right of present alienation. This rule was recognized by our court at an early date and has since been consistently adhered to. "If a testator gives property absolutely in the first instance to a legatee, he cannot afterwards subject it to any limitation or provision whatever." *Moody* v. *Walker*. 3 Ark. 147-187. In *Letzkus* v. *Nothwang*, 170 Ark. 403, 279 S. W. 1006, the testator, in paragraph No. 3 of his will, made provision that "any and all other property of which I may die possessed, real, personal and mixed, I give to my said sons, David Henry Nothwang and Frederick Nothwang, share and share alike." By paragraph No. 4 following an attempt is made to limit the estate theretofore conveyed by prohibiting the mortgaging or sale of the property until after ten years from the death of the testator, and that the income only from the personal property be used by the beneficiaries. This limitation the court held void on the ground that the will of the testator devised a fee simple estate to his sons which vested at his death, and the attempt to deprive this estate of alienability is void. In passing upon this question, the court said: "The devise was not to trustees, but was direct to the devisees named, and we think there can be no question but that the title vested in them immediately upon the death of the testator. Necessarily so, for the title could not have been in any one except the devisees after the death of the testator, and the provisions that these devisees should not sell, mortgage or incumber the property devised to them for a period of ten years after the title had vested in them is a condition subsequent, and is void because it is repugnant to the estate conveyed."

As in that case, so in this. The devise was not to trustees, but direct to the devisees named, the title neces-

sarily vested in them immediately upon the death of the testator and the limitation over, being inconsistent with the necessary incidents to the estate conveyed, is unenforcible. The appellant, while recognizing the soundness of the views expressed in these cases and others cited by counsel for appellee, seeks to distinguish these cases from the case at bar because in none of them was there a will involved where the testator had created, or attempted to create, a trust as in the instant case. This distinction we hold to be immaterial, for it is unimportant how the limitation on an estate already conveyed is attempted to be imposed; it is the limitation that has no binding force and the manner or method by which it is sought to be imposed is of no moment.

The wills construed in the cases of *Holcomb* v. *Palmer,* 106 Maine 17, 75 Atl. 324, and *Webb* v. *Hayden,* 166 Mo. 39, 65 S. W. 760, relied on by the appellant as supporting its contention, are wholly unlike the one under consideration. In the first case the residuary clause is as follows: ''I give, bequeath and devise all the rest and remainder of my estate to such of my children who may outlive me, share and share alike, but I will that the portion which would fall to my son, Clinton, shall be held in trust for him by my son, Francis, to be used for his comfort and necessities according to the discretion of my said son.'' The court said: ''The position of the plaintiff is that the first part of this clause gave an absolute estate in fee to the five children, all of whom survived the mother, and that the last clause attempting to put the share of Clinton in the hands of Francis in trust was an attempt to cut down this absolute fee and therefore repugnant and void.'' In holding against this contention, the court further said: ''After making numerous specific bequests, she gathers together all her remaining property and gives it equally to her five children, share and share alike, but at the same time and in the same sentence that she gives four their share outright, she gives the fifth his share in trust, making his brother the trustee. There is no attempt on her part to make any gift or devise over, but the whole

estate passes out of her, absolutely as to the four-fifths, in trust as to the one-fifth.''

In the case of *Webb* v. *Hayden, supra,* the language of the will construed is as follows: ''I give, devise and bequeath to my son, Ernest Webb, the sum of $10,000, said sum to be held by my executrix, hereinafter named, in trust until my said son arrives at the age of twenty-one, and then given to him.'' It will be seen that the residuary clause in this case is almost identical with that considered in the case of *Holcomb* v. *Palmer,* for in the same sentence and essentially a part of the devise the trust is created, and in neither case is there a subsequent attempt to limit an absolute estate already devised, as in the case at bar.

In the case of *Snedeker* v. *Congdon,* 58 N. Y. Supp. 885, the will construed is similar in effect to the one under consideration here, the material parts of which are as follows: ''I give to my said brother and sister the use, interest and income of personal property during their joint lives and the life of the survivor. Subject to such life estate, I give the principal of the rest, residue and remainder of my property and estate to my five nephews and nieces.'' In a subsequent paragraph a trust is sought to be created in that part of the estate going to one of the nieces, Enriquita Emma, daughter of a deceased brother of the testator. That paragraph is as follows: ''To Enriquita Emma, daughter of my said brother, deceased, now wife of Winfield Scott Shrigley, of Valparaiso, Chili, one-fifth part of such property, but it is my will, and I hereby direct, that such part shall be paid to and held in trust by her brothers to apply to same and such parts thereof as they may deem proper to the separate use of their sister.'' After disposing of certain questions raised which have no relevancy to the question at issue here, the court said: ''We now come to the question of the validity and effect of the trust created in the share of Mrs. Shrigley, considered apart from the previous provisions of the will. We first find an absolute and present gift to this defendant, subject

only to the previous life estates. This gift is followed by a direction that the share be paid to, and held in trust by, her brothers, 'to apply the same and such parts thereof as they may deem proper to the separate use of their sister.' It is contended that this limitation imposed on the gift to Mrs. Shrigley is repugnant to the gift, and therefore void. Such is our judgment.'' Referring to other cases in support of its judgment, the court further said: ''In *Josselyn* v. *Josselyn,* 9 Sim. 63, the testator gave his residuary estate unto his cousin, and ordered his executors to invest the same and pay the principal to the legatee on his attaining the age of 24 years. It was held that, as the interest of the legatee was absolute, he was entitled to the principal of his share when he became of the age of 21 years, notwithstanding the direction of the will to the contrary. In *Saunders* v. *Vautier,* 14 Beav. 115, and in *Rocke* v. *Rocke,* 9 Beav. 66, exactly the same rule was held. In *Re Young's Settlement,* 18 Beav. 199, the testator gave his estate to trustees to divide between his two children when they arrived at the age of 25, their several shares to vest at 21, or upon marriage. He directed that his daughter's share should, on her marriage, be settled upon her, but that until marriage she should only receive the income. The daughter, after arriving at the age of 21 years, remained unmarried. It was held that she was entitled to payment of the property. As the absolute ownership of this share is in Mrs. Shrigley, and she has therefore an absolute power of disposition, she is also entitled to the immediate possession of the fund.'' See also *Vaughan* v. *Wise,* 152 N. C. 31, 67 S. E. 33; *Keating* v. *McAdoo,* 180 Pa. St. 5, 36 Atl. 18; *Bank of Charleston* v. *Dowling,* 52 S. C. 345, 29 S. E. 78; *Wilmoth* v. *Wilmoth,* 34 W. Va. 426, 12 S. E. 731.

The law favors the early vesting of estates, and, if a will is susceptible of a double construction, by one of which the estate becomes vested and by the other the vesting is postponed, the first construction will be adopted, even though it might have been the intention of

the testator to limit its present enjoyment where that intention, if executed, would overthrow a legal principle. So in this case, it having been seen that by paragraph No. 5 of the will the beneficiaries became vested at the death of the testator in the estate devised, the subsequent attempt to limit its enjoyment must be held void. "The title to property, once given away, cannot be regained by the hand that gave it. Notwithstanding this rule sometimes appears to operate harshly in defeating the probable intention of the testator, which is presumed to be the goal of judicial construction, its observance has been deemed safer than one which, for want of strictness, would be attended in its application with all sorts and shades of doubt and uncertainty."

It is our conclusion that the decree of the trial court was in accordance with the principles herein announced, and it must therefore be affirmed.