## DEAL v. ABRAMSON.

### No. 12411.

Circuit Court of Appeals, Eighth Circuit.

Dec. 28, 1942.

lee an undivided one-half interest in and to certain real estate situate in Monroe County, Arkansas. It will be convenient to refer to the parties as they appeared below.

Tennie Mayo is the common source of title through whom both parties claim. She died testate in 1895 leaving a will which was duly probated, reading as follows:

"State of Arkansas,
"County of Monroe.

"Know all men by these presents that I, Tennie W. Mayo of the above named County and State being in ill health, but of sound and disposing mind and memory do make and publish my last will and testament, hereby revoking all former wills at any time heretofore made I hereby constitute and appoint William F. Branch to be the sole executor of my last will directing my said executor to pay all of my just debts and funeral (expenses) and the legacies hereafter given out of my estate after the payment of said debts and funeral (expenses) I give to my son Lawrence W. Mayo and his wife Kate Mayo all of my personal property to be paid to them as soon after my (deceased) but within One year as conveniently may be done. I give and bequeath all of my real estate of whatever description to my son Lawrence Mayo and his wife Kate Mayo and their heirs during their natural life time to be used for their support and maintenance only as long as they shall live (live) with the express understanding that they are not to mortgage or sell the same. After the death of my said son Lawrence Mayo and his wife Kate Mayo and their heirs all of my real estate shall revert to my legal heirs.

"In testimony (where of) I hereunto set my hand and publish and disclose this to be my last will and testament in the presence of witnesses (name) below this 25 day of August, A.D. 1895. After having heard the above will read I hereby give and bequeath unto my son Lawrence Mayo and his wife Kate Mayo and unto their heirs my house and lots in the town of Holly Grove to dispose of as they may see fit, but all of my other real estate shall be disposed of as heretofore written or expressed in the other will.

       "Tennie Mayo.

"Witnesses
 "T. G. Trice
 "Mary V. Boyd
  "Proof of Will. * * *"

Charles T. Coleman, of Little Rock, Ark. (Burk, Mann, Richard B. McCulloch, and Shields M. Goodwin, all of Little Rock, Ark., on the brief), for appellant.

George K. Cracraft, of Helena, Ark. (Ozero C. Brewer, of Helena, Ark., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by the appellant as plaintiff to recover from appel-

At the time of her death Tennie Mayo owned certain farm.lands and a house and lots in the town of Holly Grove, Arkansas. She had only one child, a son Lawrence Mayo, whose wife's name was Kate Mayo. At the time of the execution of the will and at the time of the death of Tennie Mayo, Lawrence and Kate Mayo had no children, but subsequently they had a son, Nathan C. Mayo born May 23, 1900. Kate Mayo died before her husband Lawrence, and Lawrence remarried, to which second marriage only one child was born, Mildred Mayo Deal, born April 27, 1923, plaintiff in this action. Lawrence Mayo died February 16th, 1937 leaving two children— Nathan C. Mayo, the child of the first marriage, and Mildred Mayo Deal, the child of the second marriage.

Lawrence Mayo and Kate Mayo conveyed the lands, title to which is here in controversy, by warranty deed to Rudolph Abramson on May 25, 1904. Rudolph Abramson, a widower, devised the lands in fee simple to Venda C. Abramson, the defendant herein. On July 16, 1930, Nathan C. Mayo, son of Lawrence and Kate Mayo, conveyed the lands by warranty deed to Venda C. Abramson. She has been in possession of the lands continuously since the date of the deed from Lawrence Mayo and Kate Mayo to Rudolph Abramson on May 25, 1904.

Plaintiff contended in the lower court and renews the contention here that the will devised only a life estate to Lawrence and Kate Mayo with the remainder in fee simple to the legal heirs of Tennie Mayo who were her two grandchildren Nathan C. Mayo and the plaintiff, Mildred Mayo Deal, the contention being that the remainder was a contingent one vesting in whoever were the legal heirs of Tennie Mayo at the time of the death of the life tenant Lawrence Mayo, rather than a vested remainder in whoever might have been the heirs of Tennie Mayo as of the date of her death. The trial court held that upon the death of Tennie Mayo title to the lands vested in fee simple in Lawrence Mayo and Kate Mayo and passed by their warranty deed in fee simple to Rudolph Abramson and by devise became vested in defendant in fee simple. Plaintiff claims to be the owner of an undivided one-half interest as a contingent remainderman. The court entered judgment dismissing plaintiff's action for want of equity.

On appeal plaintiff seeks reversal on the ground that the will devised a life estate to Lawrence and Kate Mayo with remainder in fee to the two grandchildren of the testatrix who were her sole heirs at law.

■ ■ The cardinal rule in the construction of wills is that the intention of the testator must be ascertained if possible and must be given effect, unless in contravention of some established rule of law or public policy. Driver v. Driver, 187 Ark. 875, 63 S.W.2d 274; Fine v. McGowan, 186 Ark. 1035, 57 S.W.2d 565; First National Bank v. Marre, 183 Ark. 699, 38 S.W.2d 14. It is equally well settled, however, that a will cannot be construed so as to effectuate an intention of the testator which is contrary to a rule of law or public policy. Hence, only an estate recognized by law can be created. First National Bank v. Marre, supra.

■ The will was obviously drawn by an unskilled person. It provides that the real estate should go to the testatrix's son "Lawrence Mayo and his wife, Kate Mayo, and their heirs during their lifetime to be used for their support and maintenance only as long as they shall live". Clearly a life estate was intended so far as Lawrence and Kate Mayo were concerned. The reference to such an estate "during their lifetime" and "support and maintenance only as long as they shall live" has little meaning if applied to an indefinite succession of heirs. This referred, we think, to Lawrence and Kate Mayo and the interest vested in them. The testatrix included the heirs of Lawrence and Kate and in form this was a devise of a remainder to them. But a devise to one for life remainder to his heirs, vests in the first taker a fee simple title. The rule in Shelley's case applies in Arkansas. Shields v. Shields, 179 Ark. 167, 14 S.W.2d 545. So construed the will devised a life estate to Lawrence and Kate Mayo and a remainder to their heirs. This under the law of Arkansas would create a fee simple in Lawrence and Kate to whom the first estate was devised. Bird v. Swearinger, 179 Ark. 402, 16 S.W.2d 569. The attempted limitation on sale and mortgage was void for repugnancy. Moody v. Walker, 3 Ark. 147; Bernstein v. Bramble, 81 Ark. 480, 99 S.W. 682, 8 L.R.A.,N.S., 1028, 11 Ann.Cas. 343; Payne v. Hart, 178 Ark. 100, 9 S.W.2d 1059; Letzkus v. Nethwang, 170 Ark. 403, 279 S.W. 1006; First National Bank v.

Marre, supra. That part of the will which provides that after the death of Lawrence Mayo and Kate Mayo and their heirs the real estate should revert to the legal heirs of the testatrix, provided in effect for a fee simple after a fee. If construed as an executory devise it violates the rule against perpetuities. Cribbs v. Walker, 74 Ark. 104, 85 S.W. 244. If construed as a defeasible fee, subject to be defeated by a failure of heirs to Lawrence and Kate Mayo, then the remainder over failed because the contingency did not happen. Wiggins v. Hill, 145 Ark. 152, 223 S.W. 394.

The construction of this will was not the ultimate purpose sought by this action. Its construction is important only as it affects the right of plaintiff to make claim to the real estate in question. It is observed that the will specifically designates Lawrence Mayo and his wife Kate Mayo. The reference to heirs is to the heirs of Lawrence and Kate Mayo. Jenkins v. Packingtown Realty Co., 167 Ark. 602, 268 S.W. 620. Plaintiff is not an heir of Lawrence and Kate though an heir of Lawrence by a second marriage. There has been no failure of issue from Lawrence and Kate, there has, therefore, been no death of their heirs, the condition upon which the estate should revert to the testatrix's legal heirs. The only contingency which could give rise to any claim in the plaintiff as the legal heir of her grandmother was the death of the heirs of Lawrence and Kate Mayo. Since Lawrence and Kate Mayo conveyed the lands here involved by warranty deed to defendant's predecessor in interest, and Nathan C. Mayo, the heir of Lawrence and Kate Mayo has conveyed his interest by warranty deed to defendant, the fee title is vested in her.

The judgment appealed from is, therefore, affirmed.