*Yingling & Yingling,* for appellant.

*T. E. Abington,* for appellee.

ED. F. McFADDIN, Associate Justice. The question presented is whether the deed, here, comes within the Rule in Shelley's Case.

In 1908, John and Callie Tenniswood conveyed the three lots here involved to their daughter, Johnie Tenniswood. The granting clause of the deed recited: ". . . do hereby give, bargain, sell and convey unto the said Johnie Tenniswood during her natural life, and unto heirs and assigns forever . . ." The *habendum* clause recited: "To have and to hold the same unto the said Johnie Tenniswood during her natural life, and unto her heirs and assigns forever . . ." The grantee, Johnie Tenniswood, became Mrs. Johnie Rogers, and in due time executed warranty deeds which purported to convey to the grantees — through whom

the appellees claim — the entire fee to the three lots conveyed to her by her father and mother, as aforesaid.

Upon the death intestate of Mrs. Johnie Tenniswood Rogers, the appellants, as her children and heirs at law, brought this suit against appellees to recover the three lots. The appellants claimed that under the said deed to their mother, Mrs. Johnie Tenniswood Rogers, she took only a life estate and that the appellants, as her heirs, took the remainder in fee. The appellees claimed that, under the Rule in Shelley's Case, Mrs. Johnie Tenniswood Rogers owned the fee in the lots which she had duly conveyed. The Trial Court ruled in favor of the appellees; and this appeal resulted.

The ruling of the Trial Court was correct. This case presents the perfect application of the classic "Rule in Shelley's Case," which rule, most succinctly stated, is, that when the first taker takes an estate of freehold and in the same instrument there is a remainder to his heirs by way of limitation, then the first taker takes the fee estate. Here, the conveyance was to Johnie Tenniswood, ". . . during her natural life and unto heirs and assigns forever"; and, under the rule in Shelley's Case, Johnie Tenniswood took the fee title.

In *Hardage* v. *Stroope*, 58 Ark. 303, 24 S. W. 490, Mr. Justice BATTLE, in 1893 rendered a most scholarly opinion on the Rule in Shelley's Case; and that opinion has been our landmark case on the question. He gave (a) the statement of the rule; (b) its history; (c) the reasons for the rule; (d) the application of it; and (e) why it was the law in Arkansas. Mr. Justice BATTLE stated that, under the Rule in Shelley's Case, the first taker in *Hardage* v. *Stroope* took the fee because the word "heirs" was there used by way of limitation and not by way of purchase. We have many cases discussing the Rule in Shelley's Case[1], and the textbooks and annotations on the Rule in Shelley's Case are legion.[2] Our own

---

[1] In addition to *Hardage* v. *Stroope, supra,* the following are a few: *First National Bank* v. *Graham,* 195 Ark. 586, 113 S. W. 2d 497; *Shields* v. *Shields,* 179 Ark. 167, 14 S. W. 2d 545; and *Ryan* v. *Ryan,* 138 Ark. 362, 211 S. W. 183.

[2] In 47 Am. Jur. 791 there is an article on the Rule in Shelley's Case. See also Annotation in 29 L. R. A., N. S. 963; and American Law Institute's Restatement of the Law, "Property," § 312.

case of *Hardage* v. *Stroope* conclusively settles the question here presented. Mrs. Johnie Tenniswood Rogers took the fee under the deed to her, and the appellants cannot prevail.

Affirmed.

Opinion delivered March 4, 1957.