STATE NATIONAL BANK OF TEXARKANA, ARKANSAS,
EXECUTOR, *v.* MURPHY.

4-7361                                    180 S. W. 2d 118

Opinion delivered May 15, 1944.

*Steel & Edwardes,* for appellant:

McFADDIN, J.   The question here is the power and liability of the trustee in making investments under the particular wording of the will in the case at bar.

W. T. Murphy died testate in November, 1932. His will (dated in 1928) directed (after certain legacies and devises not here involved) that the State National Bank should (1) take charge of all of the remaining personal property of the estate, and (2) hold and invest the said

*corpus* until the death of the testator's wife, and (3) account to testator's wife, during her life, for all the income of the said *corpus,* and (4) after the death of the testator's wife distribute the *corpus* to certain beneficiaries. The widow and other beneficiaries of the trust filed this present suit against the bank seeking a variety of relief. The bank in its answer prayed for a construction of the will.

The Miller Chancery Court held that appellant was a trustee under the will and there is no appeal on that point. The court also held that with the consent and approval of the widow and beneficiaries (appellees), the trustee could, with impunity, invest the funds of the estate in securities not named in the statutes; and from this portion of the decree there is this appeal by the bank as trustee.

Act 215 of the Arkansas General Assembly of 1931 provides: "That hereafter it shall be lawful for all Administrators, Executors, Trustees, Fiduciaries, Guardians and Curators of the estates of minors and insane persons, to invest their funds in bonds, notes and obligations issued by the United States of America, issued by the State of Arkansas, issued by Road Improvement Districts receiving aid and allotments under Act Eleven of the Acts of Arkansas of 1927 and Act 65 of the Acts of 1929, issued by a County or Counties of the State of Arkansas, issued by Municipal Improvement Districts created by cities and towns in the State of Arkansas."

This Act 215 of 1931 was amended by Act 50 of 1935 to include certain Federal Housing Administration mortgages as legal investments. Then by Act 343 of 1939 certain building and loan securities were also recognized as legal investments. The appellant wants us to decide whether this Act 215 of 1931, with the said amendments, is permissive or restrictive on the power of the trustee to make investments: that is, whether the trustee is restricted to the investments listed in the statute. But we find it unnecessary to answer the said question because, in the case at bar (1) the trustee was given powers broader than the statute, and (2) the trustee was released from liability of loss in the investments.

In 65 C. J. 800 the rule is stated: "Statutes which enumerate the investments which trustees may make are to be construed as permissive, intended to provide for situations where the instrument creating the trust does not otherwise provide, and do not prohibit other investments which may be authorized by the trust instrument."

And in 26 R. C. L. 1311-12 the rule is stated: "But a statute limiting the securities in which a trustee may invest trust funds has no application where the trust instrument gives the trustee authority to make investments in other securities."

And in the Restatement of the Law of Trusts, p. 653, it is stated: "Statutes confining trustees to certain types of investments are not construed as preventing the settlor from empowering the trustee to make investments not designated by the statute."

In 83 A. L. R. 616 there is an extended annotation on: "Provisions of will or other trust instrument exempting trustee from, or limiting his, liability"; and in 99 A. L. R. 909 there is an annotation on the subject: "When will may be deemed to authorize investment of trust fund in non-legal investments." Cases cited in these annotations sustain our statements herein.

The fifteenth section of the will of the testator, W. T. Murphy, provided: "It is my will that my said executor upon my death, take charge of and hold all moneys, securities, or other personal property which I may own at my death, with full power to sell, exchange, encumber, or otherwise dispose thereof, or any portion thereof, in such manner and upon such terms and conditions as my said executor may deem most beneficial to my estate, and shall keep my said personal property at all times invested in such stocks, bonds, or other income bearing securities, or other personal property as my said executor may deem safe and desirable, and that said executor shall make reinvestments and changes of investment thereof as from time to time it may deem advisable, and shall collect the income derived therefrom. . ."

And the twentieth section of the said will provided: "Having full confidence in the integrity and business ability of my said executor, it is my will that my said executor, in the performance of its duties under this will, shall not be legally liable for any mistakes of judgment, or for any losses that may occur in the management of my said estate hereunder intrusted to its care by reason of any such mistakes of judgment, and no suit shall be brought or maintained to attempt to enforce any such liability on that account."

It will thus be seen that the testator has clothed the trustee with power to make such investments and reinvestments as the trustee may from time to time deem safe and desirable and the testator has released the trustee from all liability for any mistakes of judgment or losses that may occur in the management of the estate; and it necessarily follows that the trustee in the case at bar is not restricted to the particular investments listed in the statute.

Under this will the chancery court held that the trustee, acting with the consent of the life tenant and beneficiaries, might, with impunity, invest the funds of the estate in investments other than those listed in the statute.

The decree of the chancery court is correct and is therefore in all things affirmed.