FIRST NATIONAL BANK OF EL DORADO, TRUSTEE,
v. HAWLEY.

4-7389                                    182 S. W. 2d 194

Opinion delivered June 26, 1944.

588

*Emon A. Mahony* and *H. S. Yocum,* for appellant.

*Surrey E. Gilliam,* for appellee.

McHANEY, J. Appellants, First National Bank of El Dorado and J. K. Mahoney, are trustees under the last will and testament of George T. Hawley who died in 1934, leaving surviving him his widow and five minor sons. He left an estate of about $80,000, consisting principally of stocks of private corporations. His will, after providing for the payment of his just debts, conveyed, in the second paragraph, to appellants as trustees all his property, real, personal and mixed, for the use and benefit of his wife and five sons, naming them, to handle for his wife and children as follows:

"It is my desire that my trustees pay to my wife from the income of my estate the sum of three hundred ($300) dollars per month, my said wife to use said funds for the maintenance, support and education of herself and my children, and said trustees shall pay to her for the use and benefit of herself and children any additional sums that in their judgment and discretion may be conveniently paid to her out of the income from said estate if the same is sufficient and if the income does not amount to as much as three hundred ($300) dollars per month, then I want my trustees to give her a sum of not less than two hundred ($200) dollars from the income of said estate and if the income is not sufficient, then from the corpus of the estate; this to be done by my trustees until the youngest child shall arrive at the age of twenty-one years, or if my wife should remarry prior to that time then said sums of money, as aforesaid, shall be paid to her for the use and benefit of my children alone, and if at any time my trustees herein named are convinced that said funds are not being used for the benefit of my children, then I direct that my trustees properly provide for the payment of said monthly income that my children may receive directly the benefits aforesaid.

"When the youngest child shall arrive at the age of twenty-one years, as aforesaid, then if my wife is still single, I desire that my property be divided equally,.

share and share alike, among my wife and children, each taking a share alike, my wife taking a share the same as a child. My trustees are authorized and directed to make this distribution in kind, if possible, and if not, they have full power to execute any and all such legal papers as may be necessary to convey title to my property, when it be personal, real or mixed, so long as said conveyance is for the benefit of my wife and children, that, of course, shall be in the discretion of said trustees and their power is as full and complete as if I myself were present and executing said legal instrument, whether it be a mortgage, note or deed of conveyance, so long as the same is for the benefit of the beneficiaries hereinbefore named.

"I desire and charge my trustees with the duty and responsibility of seeing that my children receive the proper opportunity for an education and I now express the desire that everything be done by my trustees to see that my children receive an education that can consistently be done by them.

"In witness whereof, I have hereunto set my hand this the 31st day of January, 1930, in the presence of Mable F. Henry and J. W. Bryant, who attest the same at my request.''

The widow, Delcena Hawley, remarried in 1935 and is now Mrs. Brown. She and her second husband and a child by him live in the Hawley home, and the Hawley children also lived in this home, except when away at school or while in the military service. Two of them were at home at the time of trial and three were in the armed forces. In previous litigation it was held that, after remarriage, the widow should not participate in the monthly payments made by appellants under the will, and that having accepted benefits under the will, she could not later renounce it and take dower. There was no appeal.

A disagreement arose between appellants and appellees as to the proper construction of the will. Appellants, the trustees, contended that the monthly allowance was intended for the five children, the widow not

to participate because of her remarriage, and that when a child is not at home or in need of the support, his proportion, $40 per month, should not be paid to the widow for the support of the children at home. Appellees contend that the widow is entitled to the full monthly payment regardless of the number of children at home or dependent thereon for support. The parties were in disagreement on other questions, so appellees brought this action for an interpretation of the will in certain respects, and appellants, by way of cross-complaint, sought a construction as to other matters. Trial resulted in a decree which was unsatisfactory in some respects to both parties, and there is here a direct and a cross-appeal.

It will be observed that the will does not in express terms confer any power on the trustees to sell any of the assets of the estate for re-investment, but only for the support and education of the children (the widow having remarried) in the clause which provides: ". . . then I want my trustees to give her a sum of not less than two hundred ($200) dollars (per month) from the income . . . and if . . . not sufficient, then from the corpus." Appellants asked the court to construe the will and to determine the power and duty of the trustees in two respects as to the stocks or bonds held by them in private corporations: (1) Whether they were required to sell these assets held by them and convert them into so-called "Legals," that is, such securities as are permitted to be invested in by statute by guardians, administrators, trustees, etc., as set out in §§ 997 and 6258 of Pope's Digest and by § 1c of Act 343 of 1939, p. 910. The language of all these statutes is permissive and not mandatory. Section 997 provides that the trustee "may invest" in the securities named, and this section appears also as § 7681 of Pope's Digest; § 6258 says a trustee "it shall . . . be lawful to invest"; and Act 343 says "authorized"; and (2) whether they are required to hold said stocks, regardless of their future value or income, or may they, in the exercise of reasonable skill and caution, sell same and re-invest the proceeds in other securities. In determining these questions the court held: "The trus-

tees are not authorized, under the terms of said will, to make any sale of the corpus of the estate, except for the purpose hereinabove set forth, and in no event are they authorized, under the will, to make a sale of any of the corpus of the estate for the purpose of re-investment.''

We agree that the trial court was correct in holding that appellants were not required to sell the stocks held by the testator and invest in so-called ''legals.'' But we think the court was in error in holding that ''in no event are they authorized to make a sale of any of the corpus of the estate for the purpose of re-investment.'' If the trustees in this case should determine that some of the stocks so held have declined in value or that loss to the estate is probably impending, either by decline in value of the stocks or of the income therefrom, they have the power, subject to court approval, to sell such stocks and reinvest the proceeds. In such event, if the trustees should reinvest funds of the estate in securities other than ''legals,'' they would do so at their own risk in case of loss, and they would have the burden of showing the exercise of care and skill, such as would be exercised by an ordinarily skillful and prudent man. As said in *Graham Bros. Co.* v. *Galloway Woman's College,* 190 Ark. 692, 81 S. W. 2d 837, ''If, therefore, a trustee has exercised the proper care and diligence, he is not responsible for mere error or mistake of judgment; but if he has acted in good faith and with reasonable diligence and prudence, he is free from personal responsibility.'' If appellants as trustees desire absolute security from personal responsibility, they should invest in those securities enumerated in the statutes above cited.

In the recent case of *State Nat'l Bank of Texarkana* v. *Murphy, ante,* p. 263, 180 S. W. 2d 118, we held that statutes enumerating investments which trustees may make are permissive and do not prohibit other investments which are authorized by the instrument creating the trust. There the will gave the trustee the power to make such investments and reinvestments as it might deem safe and desirable, and specifically released it from liability for mistakes of judgment or losses that might occur in the

management of the trust estate. Here, the will gives no such power, and we think that appellants would incur no personal liability for losses on investments other than "legals," if they are able to acquit themselves under the rule announced in the Graham Bros. case, *supra*.

As to the dispute between appellants and appellees regarding the monthly allowance and to whom payable, we think the court correctly, with one exception, construed the will as follows: "That under the mandatory provisions of said will said trustees are required to pay to said widow a sum of, at least, $200 per month for maintenance, support and education of said children, even though the net income from said estate does not equal that much and even though said trustees are required to use the corpus of said estate for said purpose, or to sell a portion of the assets to raise said funds; that in the event that the net income from said estate exceeds the sum of $200 per month, then said trustees under the mandatory provisions of said will, are required to pay to said widow said monthly payments therefrom up to the sum of $300 per month for the said support, maintenance and education of the children of said testator. These payments in all cases must be made to said widow and disbursements of same must be made by her for the support, maintenance and education of the children of the said testator, provided that in the event that the trustees determine from the true facts thereof that said funds are not being used for said purpose, then said trustees shall not be required to make said monthly payments to said widow, but may so disburse said funds to or through others as to insure that the same are properly expended for the support, maintenance and education of the children of the said testator. In all cases where such monthly payments shall be made to the widow by the trustees, the trustees shall not be liable for the widow's misuse of said funds unless the trustees have actual knowledge of such misuse and fail to act thereafter to prevent same."

This language says the trustees must pay to the widow $200, regardless of income and may invade the

594

corpus if the income is not sufficient, which is correct. It then says that, if the income is in excess of $200 per month, then the trustees "are required to pay said widow said monthly payments therefrom up to the sum of $300 per month . . ." We do not think the will limits the amount to be paid to the widow for the support and education of the children to $300 per month, if the income is sufficient to pay more. The will first provides for the payment to her from the income of $300 per month, and it then says: ". . . and said trustees shall pay to her . . . any additional sums that in their judgment and discretion may be conveniently paid to her out of the income from said estate if the same is sufficient . . ." So, payments from income are not limited to $300 per month, if sufficient income is available, and if, in the judgment and discretion of the trustees, it may conveniently be done. Since the widow has remarried, she is not entitled to benefit personally from the monthly payments, as the court correctly held. But the fact that some of the children have become of age and are not now living in the home does not justify the trustees in refusing to pay to the widow for expenditure by her the whole sum available for the support and education of the children, unless they determine she is not using said funds for the benefit of said children. The court so held and we affirm this holding. Two of the children are still minors, the youngest being 14 years of age. The testator no doubt had in mind that the greatest expense would be incurred in sending the children away to school. This extra expense would naturally be first incurred on the oldest, then on the next and so on to the youngest. If, as the trustees seek to do, they are permitted to withhold $40 per month each for the three who are in the army, there most probably would be an insufficient sum left to support and educate the two now remaining in the home. Whatever his purpose was, it is clear that the will directs payment of whatever monthly sums are available, to be not less than $200 per month, even though the corpus of the estate must be invaded, to the widow for the use and benefit of the children, except in case of the con-

tingency above mentioned. The court so held and we affirm this holding.

Another dispute relates to the power and duty of appellants to make repairs to the Hawley residence, situated about 6 or 7 miles out of El Dorado, on an 8½-acre tract of land, where the widow, the two minor Hawley children, her present husband and her child by him reside. The homestead is valued at $1,500 and is badly in need of repairs. Appellants think repairs should be made, but not to the extent contended for by appellees. The trial court held that the trustees had the implied power to maintain said property to prevent it from going to waste, if it can be done out of the income, but could not invade the corpus for this purpose. Here, we think, the court was in error. This homestead is a portion of the corpus of this estate and was conveyed to the trustees, as were the other assets. To prevent this property from going to waste, it is necessary to make repairs and keep it in a livable condition, even though some other asset must be sold to do it. If it can be repaired out of income and still pay the minimum of $200 monthly to the widow, this would be proper, but if it cannot be done out of income it still must be repaired to prevent waste and for a livable home for the children. 4 Bogert on Trusts, § 799. The extent and kind of the repairs to be made rest in the sound discretion of the trustees, subject to the approval of the chancery court.

Both parties requested the trial court to construe that clause in the will providing for a distribution of the estate when the youngest child becomes 21 years of age, wherein it is provided: "then if my wife is still single, I desire that my property be divided equally," etc. Appellants contend that, having remarried, the widow cannot "still" be single when the youngest child becomes 21, even though her present husband be then dead or divorced. Appellees take the other view. The trial court declined to decide the question as to what her status would be seven years hence, or whether under certain conditions or any conditions she would be entitled to a distributive share in the estate, and we agree that he cor-

rectly declined to determine this question. It is premature. She may then be dead.

The cause will be remanded to the chancery court for further proceedings not inconsistent with this opinion.