Freda B. COUNCIL *v.* Edward M. OWENS, Trustee

CA 88-419                                              770 S.W.2d 193

Court of Appeals of Arkansas
Division II
Opinion delivered May 17, 1989

*Ramsay, Cox, Bridgforth, Gilbert, Harrelson & Starling,* for appellant.

*Bridges, Young, Matthews, Holmes & Drake,* for appellee.

JUDITH ROGERS, Judge. The appellant, Freda B. Council,

appeals the decision of the Jefferson County Chancery Court in favor of the appellee, Edward M. Owens, Trustee of the McGregor Family Trust (hereinafter "Trust"). This lawsuit was instituted by the appellee against the appellant and the beneficiaries of the Trust as an action for declaratory judgment. The appellee sought a determination as to whether the Trust was a spendthrift trust, and whether the interest of Henry C. McGregor, a beneficiary of the Trust, was subject to the claims of the appellant, who was formerly Mr. McGregor's wife.

The appellant and Henry C. McGregor were divorced by decree of the Pulaski County Chancery Court, First Division, filed on April 14, 1982. The parties had entered into a property settlement agreement signed by both parties, which was approved by the court and incorporated into the decree of divorce. The agreement provided in pertinent part:

> HUSBAND covenants and agrees with WIFE to pay WIFE, as monthly support, an amount equal to one-half of HUSBAND'S net income per month from all sources, whether the same be from Commissions, bonuses, draws, annuities, trusts or other sources, or the amount of $700.00 per month, whichever amount is greatest for each month.

Pursuant to an order of the Pulaski County Chancery Court dated July 18, 1986, appellant was granted judgment in the amount of $26,800 for an arrearage in the payment of alimony.

The Trust was established by Mrs. Mary Odell McGregor on December 21, 1976, for a duration of forty years. The Trust, at paragraph eight, contains the following language:

> Except as to the powers of appointment provided for herein, each and every beneficiary hereof, is hereby enjoined and restrained from anticipating, assigning, selling or otherwise disposing of his or her interest in this Trust and is without the power to do so, and no such anticipation, assignment, transfer, sale, or other disposition shall be recognized by the Trustee nor shall the same pass any right, title or interest herein of any beneficiary hereof, and none of the interests of the beneficiaries hereunder shall be subject to the claims of creditors or other persons, bankruptcy proceeding or the liabilities or obligations of any

beneficiary.

The appellant filed an answer and counterclaim to appellee's complaint for declaratory judgment, and subsequently amended her counterclaim on June 28, 1988. In her original counterclaim, appellant requested that she be allowed to satisfy the outstanding judgment for alimony by either an equitable decree requiring performance by the appellee on behalf of the beneficiary, McGregor, or by garnishing or attaching his interest. She denied that the Trust was a spendthrift trust, but claimed that if it were found to be a spendthrift trust, public policy demanded that her claim be satisfied from McGregor's interest in the trust, notwithstanding the spendthrift provision. In her amended counterclaim, she sought a declaration that the appellee trustee may not protect funds otherwise distributable from attachment for past due payments of alimony.

Appellant again amended her counterclaim on the day of trial, August 10, 1988, after having received the previous day the answers to interrogatories and requests for the production of documents, which appellee was compelled to provide by court order. In this third amended counterclaim, appellant asserted that the distributions of income were mandatory, or non-discretionary, and that pursuant to public policy, she again claimed the right to enforce the judgment and attach the distributions until her claim was satisfied, and that she additionally be allowed to attach future distributions. Additionally, she asserted arguments of waiver and estoppel.

The chancellor found that the Trust was a valid spendthrift trust, and ruled, based on the decision of *Driver v. Driver*, 187 Ark. 875, 63 S.W.2d 274 (1933), that the Trust was not subject to the claims of the appellant. The chancellor also struck appellant's third amended counterclaim upon finding that it was filed in open court on the day of trial; that appellee would be prejudiced; that one continuance had already been granted appellant; and that a further continuance would be required which would have unduly delayed the disposition of the case.

On appeal, the appellant contends that the chancellor erred in applying the rule of *Driver v. Driver, supra,* to defeat appellant's claim for support obligations against the obligor's beneficial interest in the Trust, and in striking appellant's third

amended counterclaim. We reverse and remand.

On appeal, the status of the Trust as a spendthrift trust is not contested, and it is undisputed that pursuant to the terms of the trust instrument, the appellee, as Trustee, is absolutely required to make annual disbursements of income to the trust beneficiaries.

The validity of spendthrift trusts has long been established in this state, in recognition of the free and unlimited right of a person, of sound mind and otherwise competent, to dispose of his property according to his pleasure. *Bowlin* v. *Citizens Bank & Trust Co.*, 131 Ark. 97, 198 S.W. 288 (1917). Here, we are addressing the narrow question of whether the income of a spendthrift trust, which under the facts of this case is required to be distributed without discretion, may be attached in the hands of the Trustee to satisfy an arrearage in alimony. We are of the opinion that the case of *Driver* v. *Driver, supra,* which was relied upon by the chancellor, is not dispositive of the issue presented in this case. In *Driver*, it was held that the *corpus* of a spendthrift trust was not subject to execution for the debt of the beneficiary for an arrearage in child support (emphasis ours). There, the court was primarily concerned with the question of whether a codicil revoked an inconsistent provision in the original will. In holding that the codicil, which established the trust, revoked the earlier provision in the will, the court determined that, pursuant to the terms of the codicil, title to the corpus of the trust was vested in the Trustee, and thus the court reasoned that the corpus of the trust was not subject to claims against the beneficiary. The court in *Driver* was not squarely confronted with the question posed in this case, and this particular issue seems to be one of first impression in this state. We note that our state legislature has not spoken on this issue.

We have reviewed the decisions from other jurisdictions where this question has been examined, and it is apparent that there is a split of authority. However, subject to a variety of limitations and based on differing theories, the prevailing view is that the income distributable from a spendthrift trust can be reached to satisfy claims for unpaid child support and alimony, in the absence of a state statute to the contrary. *See Hurley* v. *Hurley,* 107 Mich. App. 249, 309 N.W.2d 225 (1981). In

reaching this decision some courts find an intent on the part of the settlor not to shield the beneficiary's interest from the claims of his dependents, *Dillon* v. *Dillon*, 244 Wis. 122, 11 N.W.2d 628 (1943); *Keller* v. *Keller*, 284 Ill. App. 198, 1 N.E.2d 773 (1936), while others have concluded that such claims are not a "debt" as contemplated by the spendthrift provision of a trust. *Marsh* v. *Scott*, 2 N.J. Super. 240, 63 A.2d 275 (1949); *Clay* v. *Hamilton*, 116 Ill. App. 214, 63 N.W.2d 207 (1945). *See generally* Note, *Trusts — Garnishment of Spendthrift Trust For the Enforcement of Court-Ordered Alimony or Child Support: A Public Policy Decision — Bacardi v. White*, 13 Fla. St. U. L. Rev. 433 (1985). Still other courts hold that on grounds of public policy the provision in a spendthrift trust must yield to claims for child support and alimony. *Seidenberg* v. *Seidenberg*, 225 F.2d 545 (D.C. Cir. 1955); *Safe Deposit & Trust Co. of Baltimore* v. *Robertson*, 192 Md. 653, 65 A.2d 292 (1949); *Bacardi* v. *White*, 463 So.2d 218 (Fla. 1985); *Shelley* v. *Shelley*, 223 Or. 328, 354 P.2d 282 (1960).

The Restatement (Second) of Trust § 157(a) (1959) provides:

> Although a trust is a spendthrift trust or a trust for support, the interest of a beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,
>
> (a) by the wife or child of the beneficiary for support, or by the wife for alimony.

We agree with the position adopted in the Restatement, and conclude, that founded upon considerations of public policy, spendthrift provisions in a trust cannot be given effect to bar claims for arrearages in child support and alimony. In reaching this decision it was necessary to balance the competing interests of public policy where one, there is a recognized right of a settlor to dispose of his property as he pleases, and where also, there is a decided policy in favor of the enforcement of obligations for child support and alimony. In holding that the beneficiary's interest in a spendthrift trust was subject to claims for alimony, as well as child support, the court in *Safe Deposit Trust & Co. of Baltimore* v. *Robertson, supra,* stated:

> The result has been reached on the ground that it is against

public policy to permit the beneficiary to have the enjoyment of the income of the trust while he refuses to support his dependent children whom it is his duty to support. The claim of a wife and dependent children to support is based upon the clearest grounds of public policy. They are in quite a different position from ordinary creditors who have voluntarily extended credit.

We pause, however, to acknowledge that there is a stronger public interest in subjecting such trusts to claims for child support than perhaps there is for alimony. Without question, public policy dictates that a beneficiary's interest in a trust can be reached to satisfy claims for child support. In Arkansas, it is recognized that child support is a family duty, and one which would be incumbent on a father, even though there was no order requiring such support, *Brun* v. *Rembert*, 227 Ark. 241, 297 S.W.2d 940 (1957), and likewise the mother is not exempt from the obligation to provide support for her children. *Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972). While child support issues are accorded more favor in light of the state's interest and the overriding concern of the courts for the welfare of children, it has been said that the right of support for alimony, and children, are construed in the same manner. *Brun* v. *Rembert, supra; see also Bethell* v. *Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980). Arkansas Code Annotated § 9-12-313 (1987) specifically provides for the enforcement of written agreements between husband and wife made and entered into in contemplation of either separation or divorce, or orders for alimony or maintenance by sequestration of the property of either party, or that of his or her sureties, or by such other lawful ways and means, including equitable garnishments or contempt proceedings, as are in conformity with rules and practices of courts of equity. We also note that an independent action for alimony exists in Arkansas. *Woods* v. *Woods*, 285 Ark. 175, 686 S.W.2d 387(1985); Ark. Code Ann. § 9-12-302 (1987). With regard to claims for alimony, we are also persuaded by the court's reasoning in *Shelley* v. *Shelley, supra,* where it was found that the same policy justification exists as to alimony as it does for child support, in that unless the interest of the beneficiary can be reached, the state may be called upon for their support.

The privilege of disposing of property is not absolute, and is

hedged with various restrictions where there are counterveiling policy considerations warranting the limitation. *Shelley* v. *Shelley, supra*; *see also Seidenberg* v. *Seidenberg, supra.* In sum, we find that the legal obligation for support, regardless of whether it is for alimony or child support, is more compelling and outweighs the intent of the settlor to shelter the beneficiary's interest in the trust. As further stated in *Shelley*, "[o]ne who wishes to dispose of his property through the device of a trust must do so subject to these considerations of policy and he cannot force the courts to sanction his scheme of disposition if it is inimical to the interests of the state." In deciding this question, it appears that this result is supported by the great weight of authority and represents a better reasoned approach, as it serves to relieve the public of a potential financial burden, and to uphold the authority of courts in the enforcement of their orders, as well as to give effect to agreements for support freely entered into by parties to divorce.

We hold then that the income from this spendthrift trust may be reached by means of equitable garnishment or other available means in the hands of the appellee Trustee to satisfy the judgment for an arrearage in alimony. Our holding is confined to the facts of this case where the Trustee has no discretion to withhold the distribution of trust income to the beneficiaries. However, we agree with the opinion expressed in *Payer* v. *Orgill*, 191 N.E.2d 373 (Ohio Misc. 1963), that "[e]quity should not feed the husband and starve the wife no more than equity should feed the wife and starve the husband." In view of the settlor's intent to provide for support of the beneficiary, the trial court may in its discretion equitably apportion the amount of distributable income between the respective parties, as may be justified under the circumstances. *See* Comment, Restatement (Second) of Trusts § 157 (1959). This result comports with the position taken in the Restatement, and is made in recognition that jurisdiction over the administration of trusts is logged in courts of equity. In view of our disposition of the case on these grounds we find it unnecessary to address the second argument raised by appellant. We reverse and remand for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

MAYFIELD and JENNINGS, JJ., agree.