Susan **FEIBELMAN**, Plaintiff–Appellee,

v.

**WORTHEN NATIONAL BANK,
N.A.,** Defendant–Appellant.

Susan **FEIBELMAN**, Plaintiff–Appellant,

v.

**WORTHEN NATIONAL BANK,
N.A.,** Defendant–Appellee.

Nos. 93–2199, 93–2280.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1993.

Decided March 21, 1994.

Rehearing Denied April 20, 1994.

and they could not reasonably have affected the jury's verdict.

Nancy Bellhouse May, Little Rock, AR, argued, for appellant.

Richard F. Hatfield, Little Rock, AR, argued, for appellee.

Before MAGILL Circuit Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, Senior District Judge.

Karoline Feibelman, Susan Feibelman's aunt, died in 1976. Her will created two trusts and divided her estate equally between them. Worthen National Bank (Worthen) was named trustee of both trusts. Susan Feibelman's interest was limited to trust number one. The will provided that the income was to be paid to Susan Feibelman's grandmother, Tillie Feibelman, during her life, and then to another aunt of Susan Feibelman, Adele Marcus, during her life. The remainder was to go to Susan Feibelman upon Adele Marcus' death.

The trust provided that if an income beneficiary's other income would not permit her to maintain the standard of living she enjoyed at the date of Karoline Feibelman's death, the trustee was authorized to pay as much of the principal to that beneficiary as was necessary to permit her to maintain that standard.

Tillie Feibelman died in 1979 and the income payments were transferred to Adele Marcus. Adele Marcus died November 18, 1989. During Adele Marcus' life, Worthen made several payments to her out of the trust principal. Susan Feibelman contended at the trial that Worthen breached its duty to determine what Adele Marcus' lifestyle was in 1976, and to determine what her other income was before paying from the principal.

She asserted that the failure to establish Marcus' standard of living in 1976 and the other income available to her constituted reckless indifference to its duty as trustee.

The jury found that Worthen had acted with reckless indifference to the interests of Susan Feibelman and awarded compensatory damages of $253,000 and punitive damages of $38,000. The trial court denied Worthen's Renewed Motion for Judgment After Trial, Fed.R.Civ.P. 50(b), as to the compensatory damages, but granted that motion as to the punitive damages. Both parties appeal.

## I. RECKLESS INDIFFERENCE

Worthen argues that it was error for the trial court to instruct the jury that it could find for Susan Feibelman if it found that Worthen had acted with reckless indifference to her interests. The trust instrument contained language purporting to hold Worthen harmless for any of its actions taken as trustee, except in the case of fraud. The trial court held that the Arkansas Supreme Court would adopt the provisions of the Restatement (Second) of Trusts § 222 (1984), which states that "A provision in the trust instrument is not effective to relieve the trustee of liability for breach of trust committed ... with reckless indifference to the interest of the beneficiary."

■ This court must review a district court's decision on questions of state law de novo. *Morrell & Co. v. Local Union 304A,* 913 F.2d 544 (8th Cir.1990). When de novo review is compelled, no form of appellate deference is acceptable. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

■ The district court, in its order denying Worthen's Rule 50(b) motion on this issue, noted that, while the Arkansas Supreme Court had never considered the application of the Restatement (Second) of Trusts § 222 (1984), it had regularly applied other sections of the Restatement of Trusts. The court

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior District Judge for the District of North Dakota, sitting by designation.

cited cases on that point,[1] and went on to conclude that that court would apply §· 222 if faced with the issue. *Feibelman v. Worthen Nat'l Bank,* No. 91–309, slip op. at 3, 1993 WL 643360 (E.D.Ark. Apr. 12, 1993).

Worthen cites *State Nat'l Bank v. Murphy,* 207 Ark. 263, 180 S.W.2d 118 (1944), and argues that in Arkansas, an exculpatory clause in a trust instrument is valid to hold a trustee harmless for all conduct not explicitly excluded. *Murphy* was decided in 1944, and the cases cited in the district court's order were all decided after 1976. This history compels the conclusion that the Arkansas Supreme Court would adopt § 222 in these circumstances and that the district court did not err in its holding.

## II.  SUFFICIENCY OF THE EVIDENCE

█ Worthen also asks this court to set the jury verdict aside because the evidence was insufficient to sustain a verdict that Worthen acted with reckless disregard. In considering a challenge to a jury verdict on the grounds that the evidence was insufficient to support the verdict this court must:

> consider the evidence in the light most favorable to the non-movant, assume all conflicts in the evidence were resolved by the jury in non-movant's favor, assume non-movant proved all facts its evidence tends to prove, and give non-movants the benefit of all favorable inferences that may reasonably be drawn from the proven facts. A judgment notwithstanding the verdict should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining non-movant's position.

*K & S Partnership v. Continental Bank,* 952 F.2d 971, 976 (8th Cir.1992).

█ In its order (*Feibelman v. Worthen Nat'l Bank,* No. 91–309, slip op. at 2 (Apr. 12, 1993)), the district court reviewed the evidence and noted that it included: the express language of the trust document; evidence regarding the amount of principal distributed to the Adele Marcus' estate even after her death; Adele Marcus' tax returns; evidence of Worthen's lack of knowledge of both Adele Marcus' standard of living and what other funds she might have had; and Worthen's failure to communicate with Susan Feibelman about the depletion of principal. We agree that the evidence was sufficient to allow reasonable minds to conclude, as did the jury in this case, that Worthen acted with reckless disregard for the rights of Susan Feibelman.

## III.  PUNITIVE DAMAGES

█ In Arkansas, punitive damages may be awarded only when the evidence indicates that a person acted wantonly, or in such a manner that malice may be inferred. *Orsini v. Larry Moyer Trucking, Inc.,* 310 Ark. 179, 833 S.W.2d 366 (Ark.1992). Gross dereliction of duty will not support punitive damages. *Id.* 833 S.W.2d at 368. In this case, the district court found that while the evidence was sufficient to support a verdict of reckless disregard, there was no evidence of wanton or malicious conduct. The court then held that the punitive damages could not stand. We hold that this finding was not an abuse of that court's discretion.

Accordingly, the judgment of the district court is affirmed.

---

1. *Peek v. Simmons First Nat. Bank,* 309 Ark. 294, 832 S.W.2d 458 (1992); *Philips v. Commonwealth Sav. & Loan Ass'n,* 308 Ark. 654, 826 S.W.2d 278 (1992); *First Nat. Bank of Dewitt v. Yancey,* 36 Ark.App. 224, 826 S.W.2d 287 (1991); *First Nat. Bank of Roland v. Rush,* 30 Ark.App. 272, 785 S.W.2d 474 (1990); *Smith v. Wright,* 300 Ark. 416, 779 S.W.2d 177 (1989); *Halliburton Co. v. E.H. Owen Family Trust,* 28 Ark.App. 314, 773 S.W.2d 453 (1989); *Council v. Owens,* 28 Ark.App. 49, 770 S.W.2d 193 (1989); *Deal v. Huddleston,* 288 Ark. 96, 702 S.W.2d 404 (1986); *Cammack v. Chalmers,* 284 Ark. 161, 680 S.W.2d 689 (1984); *Walker v. Hooker,* 282 Ark. 61, 667 S.W.2d 637 (1984); *Estate of Wells v. Sanford,* 281 Ark. 242, 663 S.W.2d 174 (1984).